**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| SANDRA K. LISTEBARGER, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  4:23-cv-00740 |
| USCB, INC. d/b/a USCB AMERICA and JOHN DOES 1-10, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT**

**NOW COMES** SANDRA K. LISTEBARGER, ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of USCB, INC. d/b/a USCB AMERICA ("Defendant") as follows:

**NATURE OF THE ACTION**

1.   Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

**JURISDICTION AND VENUE**

2.   Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law TDCA claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, and a substantial portion of the events or omissions giving rise

to the claims occurred within the Southern District of Texas, and Plaintiff resides in the Southern District of Texas.

**PARTIES**

4.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant is a debt collection firm that collects debts owed to third parties, specifically to the healthcare industry. Defendant is incorporated under the laws of the state of California with its principal place of business located at 355 S. Grand Avenue, 32nd Floor, Los Angeles, California 90071. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

6.   JOHN DOES 1-10 are third party vendors that Defendant utilizes to assist Defendant in the collection of debts owed by consumers. The identities of John Does are unknown to Plaintiff at this time and will be identified through discovery.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   Prior to the events giving rise to this cause of action, Plaintiff sought medical treatment at MD Anderson Cancer Center ("hospital"), which resulted in a past due amount owed to the hospital ("subject debt").

8.   Subsequently, Defendant acquired the right to collect on the defaulted subject debt.

9.   Soon after, Plaintiff began receiving unfamiliar collection calls to her cellular telephone number (XXX) XXX-2704 from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 2704.

11. On November 2, 2022, frustrated with the volume of calls she was receiving, Plaintiff called Defendant back to determine what debt it was calling to collect on.

12. During said phone call, Defendant advised that it was calling to attempt to collect the subject debt.

13. Plaintiff advised the Defendant to cease its collection calls to her cellular phone.

14. Despite Plaintiff's demand that Defendant cease calling her, Defendant continued to place collection calls to Plaintiff's cellular telephone.

15. Despite Plaintiff's request that Defendant's collection calls cease, Defendant placed or caused to be placed numerous harassing calls to Plaintiff's cellular telephone from November 2022, through the present day, in an attempt to collect on the subject debt.

16. The phone number that Defendant most often used to contact Plaintiff was (855) 436-1088, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular telephone.

DAMAGES

17. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription

services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

19. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

20. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

25. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

26. Defendant used the telephone and mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

27. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

28. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and f through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692c

29. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

30. Furthermore, Defendant has relentlessly called Plaintiff numerous times. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

31. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b. Violations of FDCPA § 1692d

32. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

33. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone using an automated telephone dialing system without Plaintiff's consent.

### c.  Violations of FDCPA § 1692f

34. Defendant violated §1692f by using unfair and unconscionable means in attempt to collect on the subject debt.

35. Defendant unfairly harassed Plaintiff with numerous phone calls to her cellular phone in hope of annoying her to the point of breaking down and making a payment on the subject debt.

36. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers.

37. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Texas in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

38. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, SANDRA K. LISTEBARGER, respectfully requests that this Honorable Court:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d.  Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

42. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a. Violations of TDCA § 391.302

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

44. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demand was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls show that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

45. Furthermore, Defendant relentlessly contacted Plaintiff numerous times. Placing such voluminous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

46. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**b. Violations of TDCA § 391.304**

47. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304, states that "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation…"

48. Defendant violated § 392.304(5)(A) and (B) by threatening to sue the Plaintiff after being asked to cease its relentless collection calls.

49. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff SANDRA K. LISTEBARGER respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b); and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 28, 2023                    Respectfully Submitted,

                                            **SANDRA K. LISTEBARGER**

                                            /s/ Marwan R. Daher
                                            Marwan R. Daher, Esq.                    .
                                            *Counsel for Plaintiff*
                                            Sulaiman Law Group, Ltd
                                            2500 South Highland Avenue, Suite 200
                                            Lombard, IL 60148
                                            Telephone: (630) 537-1770
                                            mdaher@sulaimanlaw.com